UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEAN WEEVENS JANVIER,<br>    Plaintiff,<br><br>v.<br><br>DIVRIS J. MATTHEW,<br>    Defendant. | Civil Action No.<br>25-40011-DHH |

# REPORT AND RECOMMENDATION

### March 12, 2025

The undersigned recommends that the instant action be dismissed without prejudice.

Jean Weevens Janvier, plaintiff and an inmate in custody at the North Central Correctional Institution at Gardner, filed a *pro se* complaint on January 13, 2025. (Docket #1). Because Janvier did not pay the filing fee, he was ordered by the undersigned on January 16, 2025, to either (1) pay the filing fee of $405.00 or (2) file a motion to proceed *in forma pauperis* within twenty-one days or the action would be dismissed without prejudice. (Docket #3). Janvier has neither paid the filing fee nor filed an *in forma pauperis* motion.

The undersigned therefore RECOMMENDS that this action be DISMISSED without prejudice for failure to pay the filing fee, as required by 28 U.S.C. § 1914(a). This action is ORDERED reassigned to a United State District Judge for final approval of this Report and Recommendation.[1]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[1] Plaintiff is hereby advised, pursuant to the provisions of Fed. R. Civ. P. 72(b), that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within 14 days of his receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made, and the basis for such objections. *See* Fed. R. Civ. P. 72. Plaintiff is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964-65 (1st Cir. 1997); *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993).