**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JEAN WEEVENS JANVIER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | **NO. 25-40011-MRG** |
| ) | |
| **MATTHEW J. DIVRIS,** ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**ORDER**
**July 7, 2026**

**GUZMAN, D.J.**

On January 13, 2025, Plaintiff Jean Weevens Janvier, a state prisoner confined to the North Central Correctional Institution in Gardner, Massachusetts, filed a complaint under 42 U.S.C. § 1983 against the superintendent alleging that some of his personal belongings were missing after a search of his cell on November 22, 2024.  Doc. No. 1.  At that time, the action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  Doc. No. 2.  In the absence of a consent to the Magistrate Judge's jurisdiction, that initial assignment is treated as a referral to the Magistrate Judge under 28 U.S.C. § 636(b).  *Id.*

On January 16, 2025, Janvier was ordered either to pay the filing fee or file a motion to proceed *in forma pauperis* with a copy of his prison account statement.  Doc. No. 3.   Janvier failed to respond to the Court's January 16, 2025 Order.   On March 12, 2026, the Magistrate Judge ordered the reassignment of this case to a United States District Judge and recommended that the action be dismissed without prejudice.  Doc. No. 5.  The Report and Recommendation

1

stated that if Plaintiff objects, he must file his objection within 14 days of his receipt of the Report and Recommendation.  *Id.*

The following day, on March 13, 2025, the case was reassigned.  Doc. No. 6.  Although the 14 days for filing an objection had not expired, on March 13, 2025, the Report and Recommendation was adopted, Doc. No. 8, and the case was dismissed.  Doc. No. 9.

On March 20, 2025, Janivier filed his first, see Doc. No. 11, of three objections.  Doc. Nos. 11, 13, 16.  Among other things, Janvier states that he "followed all the necessary steps & procedure[s] regarding his complaints.  Doc. No. 11 at 1.  He states that he received procedural orders for case 24-40152-MRG as well as cases 25-40009-MRG, 25-40010-MRG, and 25-40011-DHH.  *Id.*  He also states that "[his] files do not have any complaint with case # 4:25-cv-40011-MRG."  *Id.* at 2.  Janvier subsequently filed three motions for leave to proceed *in forma pauperis*, *see* Doc. Nos. 12, 14 – 15, and a copy of his prison account statement.  Doc. No. 17.

The Court treats Janvier's objections as motions for reconsideration.  "[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust."  *Allstate Ins. Co. v. Fougere*, 79 F.4th 172, 197 (1st Cir. 2023) (quotation marks omitted).

Here, the instant action was dismissed before Janvier had an opportunity to object.  Even so, in his objections, he has failed to provide evidence that he timely complied with the Magistrate Judge's January 16, 2025 Order concerning the filing fee for the instant action.  Thus,

to the extent he seeks reconsideration, such request is denied.[1]

In accordance with the foregoing, the Court hereby orders:

1.      Treating the objections as motions for reconsideration, they are DENIED.

2.      The Clerk shall terminate the pending motions as moot and close this action.

**So Ordered.**

 /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge

Dated:  July 7, 2026

---

[1] Janvier states that he does not have a record of filing the complaint for this action.  Doc. No. 11 at 2.  The loss of property claim Janvier has outlined in the instant complaint is a similar claim to the one he filed in *Janvier v. Jenkins*, No. 25-cv-40010-MRG (Jan. 30, 2026 dismissed for failing to state a claim upon which relief can be granted).  Therefore, it is extremely unlikely that this case will obtain for Janvier any different relief.  Even if the Court were to allow Janvier to go forward with this case, the complaint would be screened pursuant to 28 U.S.C. § 1915A and may result in a dismissal for purposes of 28 U.S.C. § 1915(g)'s limitation on future actions.  In addition, it would cost Janvier an additional $350.00 in filing fees.  Those fees would be deducted from Janvier's prison account, when funds exist, even if this case was dismissed.  To avoid this result, Janvier may not wish to refile his complaint in a new civil action.